**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: November 2, 2020**

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF OHIO
### COLUMBUS DIVISION

| | |
|---|---|
| In Re: | Case No. 19-57687 |
| Kenneth Dickerson | Chapter 13 |
| Debtor | Judge Jeffery P. Hopkins |
| Kenneth Dickerson | Adversary Case No. 20-ap-02063 |
| Plaintiff | |
| vs. | |
| Carvana, LLC<br>Bridgecrest Financial<br>Defendants | |

### AGREED ORDER RESOLVING COMPLAINT TO AVOID PREFERENCE (Doc. 1)

This matter having come on before the Court upon the Complaint to Avoid Preference

(Doc. No. 1) and the Answer thereto (Doc. No. 5) filed herein by the secured creditor, Carvana,

LLC/ Bridgecrest Financial ("Creditor"); and it appearing to the Court that the parties have

agreed to a course of action which will resolve the matter.

1.      On or about August 29, 2019, Debtor Kenneth L Dickerson, Sr. entered into a loan contract with Carvana to purchase and finance the purchase of the vehicle.  Debtor took possession of the vehicle that day.

2.      The lien securing the payment of the claim was not perfected in the creditor Carvana's name within the thirty (30) day safe harbor from the day that Debtor took possession of the vehicle, as the lien was noted on the title no earlier than January 7, 2020.

3.      Carvana's lien was untimely perfected during the preference period and is not enforceable against the Trustee.  To the extent that lien could be perfected or could otherwise be asserted against the Vehicle, the parties stipulate that it would be deemed a preference as defined by 11 U.S.C. Section 547(b)(4)(A).

4.      The parties agree that Carvana is declared an unsecured creditor for the purpose of the Plan.  Trustee shall schedule Carvana's total claim as a general unsecured claim to be paid pro rata with other unsecured claimants.

5.      Should Debtor complete her plan and all unsecured debts are discharged, then Carvana's claim shall also be discharged.  Carvana and its successors and assigns shall be enjoined from attempting to perfect or enforce the lien pursuant to any pre-petition security agreement granted to it by Debtor.

6.      Should the Bankruptcy case be dismissed without a discharge of the unsecured claim of Carvana, the rights of the parties shall be restored as they existed prior to the date of the filing of the Bankruptcy petition.  This includes the right of Carvana to seek to enforce its security agreement, including, but not limited to, perfection of its lien on the Vehicle.

7.      This Agreed Order shall bind the parties and their successors and assigns.  Upon conversion of this case to another Chapter of the Bankruptcy Code prior to the discharge of

Carvana's unsecured claim (including, but not limited to conversion to Chapter 7), then this judgment shall be preserved for the rights and interests of any successor Trustee and will be enforceable by the successor Trustee in favor of the Chapter 7 estate as a finding that the title to the Vehicle is free and clear of any lien of Carvana.

IT IS SO AGREED AND ORDERED.

Submitted by:

/s/ Jon J. Lieberman
Jon J. Lieberman (0058394)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Creditor

/s/ James Wiley Park
James Wiley Park (0082331)
PO Box 20622
Columbus, OH 43220-0622
Phone: 614-636-5290
Fax: 614-748-0627
Email: jameswparkesq@gmail.com
Attorney for Debtor(s)

COPIES TO:

James Wiley Park, Counsel for Plaintiff
Email: jameswparkesq@gmail.com

Jon J. Lieberman, Counsel for Defendant
Email: bankruptcy@sottileandbarile.com

Bridgecrest Financial
7300 E Hampton Ave
Mesa, AZ 85209